THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. H. G. WILLIAMS.

No. 324.

1. **Suit Within Forty Days.** — When a contract of shipment stipulates that no suit shall be sustainable for recovery of any claim for loss or injury to stock shipped, unless brought within forty days, and such stipulation is not shown to be unreasonable, it is an effectual bar to a suit subsequently brought, unless it be shown by the plaintiff that the defendant company has waived it.

2. **Agents of Connecting Lines.**—The agents of a line of railway connected with the line of defendant company, and over which the stock was shipped. are not the agents of defendant, for the purpose of waiving a provision of the shipping contract whereby the plaintiff was required to bring suit for his damages for loss or injury to the stock within forty days, unless express authority from the company sought to be made liable is shown.

3. **Liability of Connecting Line.**—When the contract of shipment provides that the defendant company shall not be liable for loss or injury occurring to the stock after it had left its road, the connecting line does not become the agent of the contracting company, even for the purpose of forwarding the shipment. Defendant company had the right to limit its liability to its own line, and this case is not distinguishable from McCarn v. Railway, 84 Texas, 352.

4. **Agency—Inadmissible Evidence.**—Evidence that it was the duty of the agents of the Atchison, Topeka & Santa Fe Railway to investigate and settle all claims, was inadmissible, unless such duty resulted from some relation between the companies; and no such relation was shown by the evidence.

5. **Agent, Scope of Authority.**—When promises of an agent of the defendant company are relied on to show a waiver of the provision requiring suit within forty days, it must be shown by evidence that such waiver was within the scope of his authority, or circumstances must be shown from which an inference would arise that his acts and statements were within the scope of his authority.

6. **Liability Limited to Losses Occurring Upon its Own Line.** The evidence shows that a part of the loss sustained occurred after the cattle had left the defendant's line. and while it was in the hands of the second carrier. For such loss the defendant company is not liable.

7. **Plaintiff's Care for His Own Stock.** — A part of the contract of shipment provided, that the plaintiff was to load and unload the stock at his own expense and risk, and feed and water them while in defendant's pens and in transit. This part of the contract was not alleged in the pleading of either party. Whether defendant could avail himself of this part of the contract without having pleaded it, we do not decide. but it has been held that such contracts are valid, and the burden rests upon the plaintiff to clear himself of negligence, and trace the damage to the fault of the carrier.

APPEAL from Austin.     Tried below before Hon. S. R. BLAKE, County Judge.

*J. W. Terry*, for appellant.—1. The stipulation in the contract of shipment, that the shipper shall sue for damages within forty days, is valid. To excuse a failure to comply with the contract, it must appear that the parties who made the declarations or statements which induced the plaintiff to delay suit were authorized by the defendant to make such declarations.     Railway v. Trawick, 80 Texas, 270.

2. When a carrier receives a shipment destined to a point beyond its own line, it may lawfully stipulate in the contract or bill of lading, that its liability shall terminate at the end of its own line.     McCarn v. Railway, 84 Texas, 352.

3. In a contract for an interstate shipment, it is legal for a carrier to stipulate that the shipper or owner shall care for stock while they are unloaded in the stock pens for any purpose.     Railway v. Sherwood, 19 S. W. Rep., 455.

4. Where the shipper agrees to go along with the cattle and see to the loading and unloading of the same, and that they are cared for while in the stock pens, he can not recover for loss or damage without first showing that the same did not result as a breach of his own stipulations in that respect; and under such contract it will not be presumed that the loss occurred through any negligence of the carrier.     Railway v. Sherwood, 31 N. E. Rep., 781, and cases cited.

*John Dowell* and *Chesley & Haggerty*, for appellee.—Eli Titus and O. H. Brown were the agents and representatives of defendant railroad, and their acts and doings were the acts and doings of defendant, in this: The Atchison, Topeka & Santa Fe Railway Company was a connecting line of

defendant's railroad, and was the agent and representative of defendant to complete the carriage of the cattle; the contract was a through contract of defendant's from Sealy to Chillacco, and the only agents and representatives defendant had at Chillacco to carry out its contract were the agents and representatives of the Atchison, Topeka & Santa Fe Railway Company. It was specially provided that the notice of damage should be given to the station agent at Chillacco, which plaintiff did. On a through contract of shipments, as these were from Sealy to Chillacco, the agents and representatives of the Atchison, Topeka & Santa Fe Railway were the agents. and representatives of defendant in all matters pertaining to the contract. and the acts and doings of Titus and Brown were the acts and doings of defendant; especially so, as defendant required notice of damage to be given to the station agent at Chillacco, and that agent told plaintiff that they would want some time to investigate the matter, and Titus and Brown undertook to made such investigation, and plaintiff waited the result of such; and of course this would waive limitation of forty days in which the suit was to be brought. Railway v. Burke, 55 Texas, 323; Railway v. Allison, 59 Texas, 193; Railway v. Williams, 77 Texas, 121; Hunter v. Railway, 76 Texas, 195; Railway v. Logan, 3 Willson's C. C., 187; Railway v. Golding, 3 Willson's C. C., 33; Express Co. v. Du Pree, 2 Willson's C. C., 318; Ryan v. Railway, 65 Texas, 13; Trust Co. v. Railway, 31 Fed. Rep., 247; Ortt v. Railway, 36 Minn., 396.

WILLIAMS, Associate Justice.—By the contracts of shipment for damages for breach of which these actions were commenced, appellant undertook to carry the cattle from Sealy, Texas, to Arkansas City, Kansas, which was a station upon the line of the Atchison, Topeka & Santa Fe Railway, beyond the terminus of appellant's road.

The contracts contained the usual stipulations exempting defendant from liability for loss or injury occurring to the stock after it had left its. road. They also contained stipulations that no suits should be sustainable for recovery of any claim by virtue of them unless brought within forty days after the damage occurred. Both of these clauses were set up in the defendant's answer.

These suits were brought more than forty days after the damage is. claimed to have occurred, and the clause of the contract last quoted operates as an effectual bar, unless the plaintiff succeeded in showing that defendant or its agent had waived it. The acts of the parties by whom plaintiff claims to have been induced to delay his suits might be held sufficient for this purpose, had there been a sufficient showing of authority in them to make the waiver. It is shown that all of them, except one, were agents of the Atchison, Topeka & Santa Fe Railway, and it is not. claimed that any of them, except one, were in the employment of the defendant, or had any authority to represent it, other than such as resulted.

from the contract of defendant to ship the cattle to the point of destination, necessitating the use of the line of the Atchison, Topeka & Santa Fe Company as a connecting carrier, and thus, as plaintiff contends, making that company the agent of defendant to complete the contract. From this fact, it is claimed that authority resulted to the agents of the connecting carrier to waive the provision in question. If the legal effect of the contract were what plaintiff contends for, i. e., to bind defendant absolutely as common carrier to carry the cattle through to Arkansas City, we can not see that any such legal consequence as that asserted would follow. The connecting carrier in such case would be regarded as the agent of the defendant for the purpose of completing the shipment, but not for any other purpose. Its authority to bind defendant would extend only to things done within the scope of such agency. The waiving of a defense would hardly fall within its purview. A liability on defendant's part might result from default in the connecting line in carrying out defendant's engagement, but beyond that its admissions and engagements would not affect defendant. But however that may be, the defendant, as we have seen, limited its liability to its own line. This it had the right to do. We can not distinguish the case of McCarn v. Railway, 84 Texas, 352, from this. The connecting line was not therefore the agent of the defendant, even for the purpose of forwarding the shipment.

The court erred in admitting in evidence the statement of the plaintiff, that it was the duty of the agents of the Atchison, Topeka & Santa Fe road to investigate and settle all claims. If it was their duty to represent defendant in such matters, such duty must have resulted from some relation between the two companies not shown by the evidence.

If such a relation existed, it should have been proven, and its legal effect left to the court and jury.

One of the persons upon whose promises plaintiff relied in not bringing his suit appears to have been an agent of defendant. The extent of his powers as such is not proven otherwise than by the testimony offered by defendant, which shows that he was never entrusted with and did not exercise authority such as that claimed for him. Whether he had ever adjusted and paid such claims, or had waived such conditions as those in question, is not indicated further than this, nor are any circumstances disclosed from which an inference that his acts and statements by which it is sought to bind the defendant were within the scope of his apparent authority.

The evidence fails to show authority to waive the stipulation in question in those whose acts are relied on, and for this the judgment must be reversed. The plaintiff testified, that the two roads " were connecting lines, and that they were acting together at the time of shipment." This is too indefinite to establish a partnership or other relation between them, such as to enable the agents of one to bind the other. How they were

acting together, whether simply as connecting lines or otherwise, is not shown.

The charge of the court and verdict of the jury made the defendant liable for injuries to the cattle which occurred anywhere on the route.

Under the evidence, it was only responsible for damages sustained by the property while in its hands. The evidence showed affirmatively that part of the loss occurred after the stock left defendant's line, and while it was in the hands of the second carrier.

The contract, when offered in evidence, was found to contain the following clause: "And said party of the second part further agrees, that he will load, unload, and reload said stock at his own risk, and feed, water, and attend to the same at his own expense and risk while it is in the stock yards of the party of the first part, and while on the cars, or at feeding and transfer points, or where it may be unloaded for any purpose."

The agents of plaintiff who accompanied one train load of cattle, left them while they were in the pens at Fort Worth, for the purpose of being fed, and when they returned some of the cattle had escaped or had been taken away. Defendant asked the court to charge, in substance, that defendant would not be liable for the animals thus lost.

This part of the contract was not alleged in the pleadings of either plaintiff or defendant. Whether, in view of the fact that plaintiff's servants were to attend and look after the stock in transit, the burden was on him to negative the conclusion that a particular loss occurred through his own negligence, and prove that it resulted from the fault of the carrier; and if so, whether or not, when he offered the contract in evidence, the defendant could avail itself of this provision without having pleaded it, are questions which we do not feel inclined to decide without further argument and more time than we can bestow upon it. We will simply remark, that such limitations are held valid, and in such cases it has been held that the burden rests upon the plaintiff who accompanies and agrees to care for his stock to show how the loss occurred; to clear himself of negligence, and trace the damage to the fault of the carrier. We do not think it necessary to definitely decide these questions. Railway v. Sherwood, 31 N. E. Rep., 381; 3 Am. and Eng. Encycl. of Law, 16b, 16g, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 26, 1893.